**THIRD DIVISION
DOYLE, P. J.,
HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 27, 2024**

# In the Court of Appeals of Georgia

A24A0343. SNEED v. PLACE AT MIDWAY, LLC et al.

DOYLE, Presiding Judge.

Meloda Sneed filed a personal injury suit against Place at Midway, LLC ("Midway"), and Pinnacle Property Management Services, LLC ("Pinnacle"), and others.[1] The trial court dismissed Sneed's claims against the Defendants based on a time-limitation provision in the lease agreement between Midway and Sneed,[2] and Sneed appeals, arguing that the trial court's order should be reversed under the

---

[1] Sneed alleged claims against other entities that she claimed were the predecessors in interest to Midway and to the property manager for that preceding owner. Those claims, however, are not at issue in this appeal. In this opinion, "Defendants" refers collectively to Midway and Pinnacle.

[2] There are multiple leases at issue, but there is no contention that the leases are substantively different in regard to the applicable lease provision, so for purposes of clarity, we have streamlined the discussion to a single lease between the parties.

Georgia Supreme Court's holding in *Langley v. MP Spring Lake*.[3] For the reasons that follow, we affirm in part and reverse in part.

> A complaint fails to state a claim upon which relief can be granted and warrants dismissal or judgment on the pleadings only if its allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. Like the court below, when we assess the sufficiency of the complaint on appeal, we must accept the allegations of fact that appear in the complaint and view those allegations in the light most favorable to the plaintiff.[4]

On September 12, 2022, Sneed sued the Defendants. In her complaint, Sneed alleged that she was a tenant at a property owned by Midway and managed by Pinnacle. Sneed contended that on October 1, 2020, she sustained serious injuries on an outdoor gravel walkway leading to her unit, which walkway was maintained improperly by the Defendants. There is no allegation in the complaint that the walkway was limited only to Sneed's use. After the incident, the Defendants moved

---

[3] 307 Ga. 321 (834 SE2d 800) (2019).

[4] (Citations and punctuation omitted.) *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 89 (720 SE2d 370) (2011).

Sneed to a new apartment. This apartment contained a ceiling fan, and Sneed contended that she was injured on January 29, 2021, when the defectively installed and repaired ceiling fan detached from the ceiling of her apartment and hit her in the head, knocking her unconscious. Sneed alleged that she had made a repair request to the Defendants prior to the incident, that a repair had been scheduled to occur prior to her injury, and that it was repaired negligently or not at all prior to her injury. Sneed's September 12, 2022 complaint alleged various instances of negligence against the Defendants related to these two incidents, including failure to exercise reasonable care in maintaining the property, failure to keep the premises and approaches safe, failure to warn, and other negligence that discovery may reveal. It is undisputed that Sneed filed the complaint within two years of each incident under the statute of limitation for tort claims.[5]

Midway and Pinnacle answered and moved to dismiss the complaint, arguing that Sneed's claims were time barred because the lease contained a one-year time-limitation provision for claims against the management company or owner. The provision at issue stated:

---

[5] See OCGA § 9-3-33 (providing that "actions for injuries to the person shall be brought within two years after the right of action accrues").

Limitations on Actions. To the extent allowed by law, Resident also agrees and understands that any legal action against Management or Owner must be instituted within one year of the date any claim or cause of action arises and that any action filed after one year from such date shall be time barred as a matter of law.

Sneed responded to the motion, arguing that the provision was identical to a provision considered by the Georgia Supreme Court in *Langley*,[6] in which the Court addressed whether the contract barred the plaintiff's personal injury claims after she fell on the property grounds.[7] The Court explained that the language was ambiguous, meaning either that it applied to any action the plaintiff conceivably could file against the defendants or that it applied only to claims that arose from the contractual relationship itself, and because of the ambiguity, it construed the language in favor of the non-drafting plaintiff.[8] The Court concluded that the language was limited to claims arising from the contract, and therefore, it did not apply to the plaintiff's claims

---

[6] 307 Ga. at 321-322.

[7] See id.

[8] See id. at 322.

arising from premises liability tort law.[9] In explaining its holding further, the Court stated that

> [t]he law establishes a contract claim arising from a breach of [the defendant's] duties under the lease and OCGA § 44-7-13, separate and apart from a premises liability tort claim arising from [the defendant's] duties as a property owner to keep the premises safe under OCGA § 51-3-1. Tort and contract simply provide alternate vehicles (and remedies) through which [the defendant] could be liable to [the plaintiff] for failing to keep the property in repair.[10]

Despite the holding in *Langley*, in the present case, the trial court granted the motions to dismiss, finding that the time-limitation provision in Sneed's lease agreement barred her claims. Sneed appealed this decision, but this Court dismissed the appeal, explaining that the trial court's order was not final. Back in the trial court,

---

[9] See id. at 327 (holding that "the general language 'any legal action,' in the absence of language specifically encompassing tort claims, is limited to claims arising out of the lease agreement").

[10] Id. at 329. The Court also noted that the Georgia "General Assembly has consistently expressed the public policy of this [S]tate as one in favor of imposing upon the landlord liability for damages to others from defective construction and failure to keep his premises in repair. The expressed public policy in favor of landlord liability is matched by an equally strong and important public policy in favor of preventing unsafe residential housing." Id. at 329, n.4, quoting *Thompson v. Crownover*, 259 Ga. 126, 128 (381 SE2d 283) (1989).

Sneed filed a motion to vacate the trial court's order granting the motion to dismiss. The trial court denied the motion, but it entered an order stating that its decision dismissing the claims against the Defendants was final, and there is no just reason to delay the appeal. Sneed now timely appeals from that order.

Based on the holding of *Langley*, Sneed argues that the trial court erred by dismissing her claims against the Defendants based on the time-limitation provision in the lease. In response, the Defendants contend that Sneed's claims were properly dismissed because they occurred not in the common areas of the property like the injuries in *Langley*, but they occurred in her private residence or curtilage thereto; therefore, her claims arose solely from the landlord-tenant contractual relationship and not from statutory or tort law.[11] Thus, according to the Defendants, the trial court correctly dismissed the claims by applying the contractual time-limitation provision to Sneed's claims.

---

[11] The Defendants cite at length *BGP Inspection, LLC v. Omstead*, 367 Ga. App. 128, 134-135 (1) (883 SE2d 593) (2023), affirmed by *Omstead v. BGP Inspection, LLC*, Case No. S23G0771 (decided Jun. 11, 2024), and its language distinguishing *Langley*. In that case, however, the contract at issue explicitly included tort claims (as well as others) in its time-limitation provision. See id. at 129-130.

1. As an initial matter, the Defendants do not argue, and upon review of the lease we do not find, that there is additional language in this lease that would remove it from the interpretation made by the *Langley* Court.[12] The only issue here is whether Sneed's claims are tort claims independent from the contract claims like those addressed in *Langley*, or whether they are different and created wholly by the contract because they occurred in the private inside living area or in the curtilage adjacent to the exterior entry to her private living area.

2. OCGA § 51-1-1 defines "[a] tort [as] the unlawful violation of a private legal right other than a mere breach of contract, express or implied. A tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual." In *Langley*, even though a rental contract existed between the parties which governed some portions of their relationship, duties, and claims, there simultaneously existed the relationship of an owner or occupier to an invitee, which was the source of the tort liability identified in that opinion.[13] In other words, because

---

[12] See generally *Outfront Media v. City of Sandy Springs*, 356 Ga. App. 405, 418 (2) (847 SE2d 597) (2020), for a discussion of the appropriate rules for construction of the language of a lease.

[13] See 307 Ga. at 321.

there was a duty that existed for the defendants other than a duty created by contract, the claims arising from the non-contractual duties were not precluded by that time-limitation provision in the contract.[14]

Here, we have two injuries. The first injury occurred while Sneed fell using a walkway that led to her personal rental unit.[15] The second injury occurred inside Sneed's second apartment when her ceiling fan fell on her head. Although they may or may not have occurred in the common area, it does not follow that the landlord did not owe a duty of care under OCGA § 51-3-1 to Sneed in those spaces. As the Supreme Court observed in *Langley*, the tort claims alleged are "premises liability claim[s] predicated on [the Defendants'] status as a property owner [or manager][16]

---

[14] See id. at 329.

[15] Although the Defendants contend that this walkway was not the common area, there is nothing in the pleadings that indicate that it was an area demarcated only for Sneed's use or that the Defendants had ceded possession of the area only to Sneed. Regardless, our analysis does not change based on whether the walkway was free to be used by anyone.

[16] "In Georgia, an agent who undertakes complete control and responsibility for management of a property owes the same duty as the owner would owe to third parties for injuries resulting from the agent's negligence." *Total Equity Mgmt. Corp. v. Demps*, 191 Ga. App. 21, 22 (1) (381 SE2d 51) (1989). See also *Cham v. ECI Mgmt. Corp.*, 311 Ga. 170, 173 (2) (a) (856 SE2d 267) (2021) (discussing the categories in relation to *a visitor* of the tenant to property).

and [Sneed]'s status as an invitee on that property."[17] This Court previously explained on rehearing in *Total Equity Management Corps v. Demps*[18] that "[l]andlords may be liable in tort [to tenants] for defective construction or failure to repair, which includes failure to exercise reasonable care to correct a condition that exists in violation of the duties created by the housing codes and other legislation."[19] That case involved claims by tenants against their landlord for personal injuries arising when they entered an apartment other than their own.[20] This Court explained that the appellees, who were living in one apartment and entered an unoccupied apartment without authorization from the owner "were invitees in their own apartment and in the building's common areas, [but] once they crossed the threshold of [the

---

[17] *Langley*, 307 Ga. at 326, citing *Demps*, 191 Ga. App. at 22 (1). See also OCGA § 51-3-1 ("[If] the an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.").

[18] 191 Ga. App. at 21.

[19] (Citation, emphasis, and punctuation omitted.) Id. at 25. See also *Langley*, 307 Ga. at 326.

[20] See *Demps*, 191 Ga. App. at 22-23.

unoccupied apartment,] they became licensees."[21] Likewise, Sneed was an invitee in her own apartment and the curtilage adjacent thereto. Therefore, the holding of *Langley* applies, and the time-limitation provision in the contract did not prohibit all of Sneed's claims.[22]

Based on the foregoing, the trial court erred by granting the motion to dismiss to the extent that Sneed's complaint can be read to have stated any alleged premises liability tort claims for her injuries that occurred as a result of the incident on the walkway and the incident with her apartment ceiling fan. To the extent that any of Sneed's claims allege simultaneous violations of the Defendants' duties under the contract, those claims were properly dismissed as time barred. Accordingly, the trial court's order is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part. Hodges and Watkins, JJ., concur.*

---

[21] Id. at 22 (1).

[22] See *Langley*, 307 Ga. at 329.